Seward, J.
(orally).
This ease .was submitted to the court upon a petition in error. The court was very much surprised at the condition of the decisions of the courts on the question involved when it came to examine them.
This is ¡an error proceeding from a justice of the peace. The action was brought before the justice in attachment, and a motion was interposed in that court to dissolve the attachment. The justice overruled the motion, and, under Section 6494, the case was appealed by the defendant to this court, and this court sustained the motion. The ease was then certified back to the justice of the peace.
I had supposed that any error proceedings that were sought to be brought, charging the common pleas court with error in sustaining the motion which the justice had overruled, would have to be , prosecuted to the circuit court; but that does not *511 seem to be the case. I refer to Lyon v. Phares, 9 C. C. — N. S., 614, which is a ease similar to this in the Circuit Court of Hamilton County. They make this announcement:
“ Section' 6494, as amended, does not give jurisdiction of the entire ease in an appeal from an order by a magistrate overruling a motion to discharge an attachment. [This court hasn’t any trouble with that.] But the decision by -the common pleas is to be sent to the justice to be entered by him in his docket as the final judgment of the matter in the justice’s court, and this judgment of the justice is the only final judgment in the action and the only one from which error may be prosecuted.”
The only errors alleged and complained of in this case are alleged errors that were claimed to be committed by this court. The justice signs the bill of exceptions, binding this court. One of the complaints is that this count erred in retaining the case for ten days. The record, if true, would show that this case was retained at the request of counsel, because they could not get here. But the justice signs the bill of exceptions, finding that this court retained the ease, for ten days; and that is one of the complaints made. It was rétaincd at the request of counsel, to suit their .convenience," so that they could be here. If this is the law in Ohio, it does not give the common pleas court much -of a chance to straighten out the record of its own proceedings to conform to the facts. Of course the judgment of the common-pleas court is certified to the justice -of the peace; and it is claimed by counsel here that that is the judgment from which the proceedings in error must be prosecuted; and he goes back and complains of error that was committed by this court — conú mitted at the request of counsel.
Other errors are also complained of. One is, that the court heard the matter upon testimony. The court does not think that was error. Under the subdivision of Section 6494, applying to the matter in hand, the Legislature .has said:
“Upon such notice of appeal being given, the justice of the peace shall forthwith transmit to the clerk of the court of common pleas all the original papers; and thereupon within three days from such notice of appeal [that is, from the date of the notice of appeal given to the justice of the .peace, whether the *512 papers get to the common pleas court or not], or upon such further time as may be for good cause allowed, said court or judge shall hear and determine said motion in the manner as though it was originally brought in said court "of common pleas. ’ ’
Now, how could it be heard if brought in the court of common pleas ? It .could be heard upon testimony, either orally given or upon affidavit. This section of the statute gives the court of common pleas the right to hear it as if it were brought in the court of common pleas. Objection was made here to any testimony being introduced, counsel seeming to think that this case came into this .court on error from the justice of the peace; but that is not this case; it comes into this court on appeal. Counsel seemed to think that this court sat as a court of error -to review the proceedings of the justice of the peace. The court is satisfied that under this subdivision of Section 6494 it had the right to hear the case upon testimony, ele novo-, and the court did hear the testimony, and thought the motion to dissolve the attachment should 'be sustained, and the judgment of the court was certified to the justice of the peace, and the papers were transmitted back to him. If this court is to be reversed because it did not transmit these papers back within three days, the court is going to let some higher court do it, under the circumstances of this case, and this petition in error will be dismissed and exceptions.
I intended to refer to the decision in Beardsley v. Zacharias & Co., 19 C. C., 637, which holds that: .
“When on appeal from an order of a justice of the peace dissolving an attachment to the common pleas, under Section 6494, Revised Statutes, that court has determined the motion and transmitted the order and papers back to the justice of the peace, it has no further jurisdiction in the case.”
The court further say in the opinion:
“Section 6494, as amended, 93 O. L., 141, provides for an appeal from an order of a justice of the peace dissolving an attachment to the court of common pleas, and for the hearing in that court or by a judge in that court as an original question. ’ ’
This decision of this court announces that the court has a right to hear it “as an orginial question.”
*513 “The order by the court or judge, made upon the motion, together with all the papers in the case, are required to be forthwith transmitted to the justice before whom the case is pending.
“We hold that when the court has determined the motion and transmitted the order and papers to the justice, the jurisdiction of the court of common pleas ends.”
Of course, it has jurisdiction until it does do that.
‘ ‘ That court then has no jurisdiction to entertain a motion for a new trial or vacate its former order. Indeed, no motion for a new trial is authorized in this proceeding. It, therefore, follows that the order of the court of common pleas, made on the 22d day of May, 1899, and on the 5th day of June, 18-99, after the papers had been transmitted back to the justice, were null and void, and such orders are reversed and set aside.”
Case No. 14511 is another proceeding in error by the same parties, and from the jridgment of the same justice of the peace. Before the judgment of this court was certified back to the justice of the peace, this plaintiff got out another attachment, on the same claim, before the same justice, and attached substantially the same property. A motion was made to dismiss the action. This petition in error complains that a motion was made to dissolve the attachment; but that is not the case; the motion was to dismiss the action, because another proceeding was pending in the same court, or in the court of common pleas, involving the same subject-matter and between the same parties. The justice dismissed the action and dissolved the attachment. A dismissal of the action — the claim not being due — would, necessarily, dissolve the attachment; the claim was not then due, and the record so shows.
The error complained of in this case is that the justice dissolved this attachment without hearing any testimony. The motion was not to dissolve the attachment. It was to dismiss the action, because another suit was pending between the same parties, involving the same subject-matter — that suit being in this court, and this court having no jurisdiction except to determine the matter, and certify its judgment back to the justice. I think the justice of the peace could take judicial notice of its own *514 docket and tbe proceedings therein, and it wias not necessary to introduce any testimony. lie knew that this suit was pending; he could take judicial notice of it; if it was pending between the same parties, and involved the same subject-matter, the case was properly dismissed.
Elmer E. Murphy, for plaintiff in error.
W. H. Lane, contra.
These petitions in error may both be dismissed, and exceptions.